THE STATE OF NEW JERSEY, DEFENDANT IN CERTIORARI, v. THE LACKAWANNA RAILROAD COMPANY, PROSECUTOR.

Argued February 17, 1914—Decided June 29, 1914.

1. Section 29 of the General Railroad law of 1903 (*Comp. Stat.*, *p.* 4233) does not repeal or abrogate the common law remedy of indictment for encroachment upon the highway by a railroad company.

2. An indictment charging in substance that the defendant railroad built two concrete abutments in and upon a public street whereby such public street was greatly obstructed and narrowed, so that the citizens of the state could not pass on such public street as they ought and were accustomed to do, to the common nuisance of all the citizens of the state, charges a violation of the criminal law, notwithstanding sections 26 and 29 of the General Railroad law of 1903. *Comp. Stat., pp.* 4231–4233.

On *certiorari.* On motion to quash indictment.

Before Justices GARRISON, TRENCHARD and MINTURN.

For the prosecutor, *Maximilian M. Stallman.*

For the state, *William A. Dolan.*

The opinion of the court was delivered by

TRENCHARD, J.   An indictment for maintaining a common law nuisance was found against the Lackawanna Railroad Company of New Jersey in the Sussex County Court of Oyer and Terminer.   The specific charge contained in the indictment is that the railroad company constructed two concrete bridge and culvert abutments in a public street in the borough of Andover, in Sussex county, to the great damage and common nuisance of all the citizens of the state.   The defendant was subsequently tried and convicted upon this indictment in the Court of Quarter Sessions of the county of Sussex, to which court it had been handed down for trial. This conviction was affirmed by the Supreme Court (*State* v. *Lackawanna Railroad Co.,* 81 *N. J. L.* 181), and later, again affirmed by the Court of Errors and Appeals. *State* v. *Lackawanna Railroad Co.,* 82 *Id.* 747.   On a rehearing the Court of Errors and Appeals set aside the conviction (*State* v. *Lackawanna Railroad Co.,* 84 *Id.* 289) and ordered a *venire de novo.*

The defendant railroad company, by this writ of *certiorari,* now brings up such indictment and moves to quash it.   Summarized, the reasons urged are twofold—*first,* that indictment is not the proper remedy for the evil complained of, and *second,* that if proceedings by indictment are proper, the indictment under consideration does not charge a violation of the law.

We are of opinion that there is no merit in either objection.

We think indictment a proper remedy.

Section 26 of the General Railroad law of 1903 (*Comp. Stat., p.* 4231) provides that:

"It shall be the duty of every railroad company owning, leasing or controlling any right of way for a railroad within this state, to construct and keep in repair good and sufficient

bridges and passages over, under and across the railroad or right of way where any public or other road, street or avenue now or hereafter laid, shall cross the same, so that public travel on the said road shall not be impeded thereby, and said bridges and passages shall be of such width and character as shall be suitable to the locality in which the same are situated," &c.

The only question before the Court of Errors and Appeals, when the case was there (84 *N. J. L.* 289), was the effect of the provisions of that section upon the common law, and it was there held that the common law had been thereby modified so that an encroachment upon the width of the highway that still left a passageway of a width and character suitable to the locality was within the statutory right of a railroad and, hence, that when indicted for a nuisance it was error for the trial judge to exclude testimony that the passageway that was left was of a width and character suitable to the locality.

But section 29 of the General Railroad law (*Comp. Stat.*, *p.* 4233) provides that:

"When any company shall not properly construct and maintain the bridges or other crossings of highways by its railroad tracks as required by law, it shall be lawful for the governing body of the township or municipality wherein such crossings are located, within a reasonable time, after notice to the company, to construct or repair such bridges or other crossings, and the cost thereof may be collected from the company, whose duty it is to make such construction or repair, by action in any court of competent jurisdiction; or in lieu of such construction or repair, the township or municipality may proceed by a suit in equity to compel the specific performance of the duties imposed by law upon such company with respect to the construction, maintenance and repair of such bridges and crossings, and the court shall prescribe the crossing to be constructed or the repairs to be made; and in order to enforce obedience to its decree or mandate, the court may restrain the exercise of any of the franchises of the company or adopt such other remedies as may be in accordance with the practice of the court."

Now, the prosecutor contends that, because section 29 provides a method for compelling the railroad to erect and maintain structures complying with the requirements of section 26, the common law remedy by indictment for encroachment on the highway is repealed and the only remedy is the one given by section 29.

But, clearly, there is no merit in this contention.

A long line of decisions establish beyond controversy that prior to the enactment of the General Railroad act of 1903, a railroad company encroaching upon a highway might be proceeded against either by indictment or by bill in Chancery to enjoin the nuisance. *Inhabitants of Greenwich* v. *Easton and Amboy Railroad Co.*, 24 *N. J. Eq.* 217; *affirmed*, 25 *Id.* 565; *Central Railroad of New Jersey* v. *State*, 32 *N. J. L.* 220; *Easton and McMahon* v. *New York and Long Branch Railroad Co.*, 24 *N. J. Eq.* 49; *Township of Raritan* v. *Port Reading Railroad Co.*, 49 *Id.* 11.

The act of 1903 does not amplify or extend the powers of the Court of Chancery as conferred by the act (*Pamph. L.* 1882, *p.* 245) amending section 14 of the act of 1873. *Pamph. L., p.* 97. That statute (*Pamph. L.* 1882, *p.* 245) provided, in effect, that in crossing a street or highway railroads should construct bridges and passages of such width and character as shall be suitable to the locality in which the same are situated; and whenever a railroad company built a bridge or passage across a street or highway so as to interfere with the free and uninterrupted use of such street or highway, the common council or township committee might institute proceedings against the company to compel the specific performance of the requirements of the act. The act of 1903, while somewhat differently arranged, confers essentially the same powers upon the Court of Chancery as does the act of 1882. Since the supplement of 1882 was enacted the Supreme Court, in the case of *State* v. *Middlesex and Somerset Traction Co.* (1901), 67 *N. J. L.* 14, expressly recognized the power to proceed by indictment.

It is also quite clear upon general principles that section

29 of the General Railroad act does not abrogate the common law remedy of indictment for an encroachment upon the highway.

To have such an effect the statute must have repealed the common law rule either expressly or impliedly by embracing the whole subject-matter. There is no suggestion of an express repeal of the common law and the statute does not purport to cover any matter that rested upon common law principles as to the remedy for a nuisance. Section 26 imposed a continuing duty upon railroads, and incidentally the duty thus imposed gave the railroads greater rights in the highways than they had at common law. Section 29 concerns itself solely with the methods of enforcement against the railroads of the affirmative obligations that section 26 cast upon them. This statutory remedy was given, not to the public as a whole, but to the governing bodies of the municipalities affected. The object of the statute was to get something done in a statutory manner, not to get rid of something that invades a public right, and, hence, the subject of an indictment. It did not purport to cover the whole subject-matter, but expressly confined its scope to the affirmative procurement of a statutory result. We know of no principle of repeal or abrogation by which such a statute affects public rights with which it does not undertake to deal. The provisions of section 26 constitute a justification in the nature of a defence with respect to a certain character of encroachments. That is the effect of section 26 on the common law. By the common law the railroads must leave the highways unobstructed. By virtue of the provisions of section 26 the railroads may say: "We have not encroached upon the highway unlawfully if we have left a passage of such width and character as is suitable to the locality." Obviously, such an answer admits that the railroad had encroached upon the highway if the passage it leaves is not suitable. In fine, the proof necessary to show the nuisance is different because of the statute, but the forum in which it may be shown is not affected.

The possibility that there may be a collision between the

remedy by indictment and the statutory remedy was and is for the consideration of the legislature, and not for the courts.

Our conclusion is that indictment is a proper remedy for the public wrong charged.

We are also of the opinion that the indictment charges a violation of the criminal law.

In substance, it charges that the railroad company built two concrete abutments in and upon a public street whereby such public street was greatly obstructed and narrowed, so that the citizens of the state could not pass on such public street as they ought and were accustomed to do, to the common nuisance of all the citizens of this state, &c. It thus charges the facts and their legal consequences.

The statute need not be set out in the indictment. The defendant company is not indicted for *not* complying with the statute, but for encroachment upon the highway. The statute may justify the encroachment or it may not. It affects the proof but not the remedy or the allegation.

The motion to quash will be denied and the indictment sent to the Sussex Quarter Sessions for trial.